IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH A. BROWN, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-13-2900
:
WARDEN SAUERS, ET AL., : (Judge Brann)
:
    Respondents :

## **MEMORANDUM**

December 3, 2013

**Background**

    This pro se habeas corpus action pursuant to 28 U.S.C. § 2241 was initiated by Kenneth A. Brown, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood). Named as Respondents are LSCI-Allenwood Warden Delbert Sauers along with Mathias H. Heck, Jr., Eric T. Michener, and Lynda Ashbery Dodd who are identified as being prosecuting state attorneys in Montgomery County, Ohio. For the reasons outlined below, Brown's action will be transferred to the United States District Court for the Southern District of Ohio.

    Brown states that he is presently serving a federal sentence which was

1

imposed by the United States District Court for the Southern District of Ohio. According to his Petition, a Montgomery County, Ohio prosecuting attorney lodged an "illegal detainer" with federal correctional officials. Doc. 1, ¶ 6. As a result of this detainer, Brown was allegedly prevented from participating in a residential drug abuse program and is ineligible for transfer to a halfway house, home confinement, or other reentry related programs. Brown claims that the detainer is illegal because his underlying Ohio state sentence has expired.[1] As relief, Petitioner requests that the Montgomery County prosecutor should be compelled to remove the illegal detainer. See Doc. 1-1, p. 1.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the

---

[1] Brown indicates that his nine (9) month Ohio state sentence which was imposed on January 24, 2013 was ordered to run concurrently with his thirty-six (36) month federal sentence and expired as of October 10, 2013.

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the fact of the petition that Brown cannot seek habeas relief in this Court.

Although a habeas corpus petition is "the appropriate procedure under which to challenge the validity of a detainer," Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.), the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); Campbell v. Kelly, Civil Action No. 3:09-CV-153, 2009 WL 260795 * 2 (M.D. Pa. Feb. 2, 2009)(Vanaskie, J.).

"[W]hen a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Graham v. Brooks, 342 F. Supp.2d 256, 261 (D. Del 2004). Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004). Graham reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over habeas corpus petitions filed

in such cases. See id. at 261-62. In the present case, Brown acknowledges that his petition is seeking relief solely with respect to the issuance of an Ohio state detainer. Since Petitioner wishes to have the detainer dismissed, based upon the above standards, it is apparent that he must do so in Ohio.

Moreover, even if this Court has concurrent jurisdiction over the challenge to the detainer, it is evident that Petitioner's claims are best adjudicated in Ohio. A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought. In Braden, the Supreme Court held that an action by an inmate attacking a detainer lodged by another state may be transferred in the interest of justice to the district court in the state which lodged the detainer. Braden, 410 U.S. at 499 n. 15.

It is apparent that the United States District Court for the Southern District of Ohio[2] is the proper forum within which to attack the legality of a detainer issued by the Montgomery County, Ohio prosecuting attorney and also to answer the

---

[2] Montgomery County is located within the Southern District of Ohio. See 28 U.S.C. § 115(b).

4

question of whether Brown has exhausted any remedies available to him under Ohio state law.[3] Consequently, this matter will be transferred to the United States District Court for the Southern District of Ohio pursuant to § 1404(a). See Rodriguez v. Larkins, Civil No. 1-99-CV-1836 (M.D. Pa. Dec. 2, 1999)(Caldwell, J.)(authorizing transfer of habeas action seeking execution of a detainer under § 1404(a)). An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[3] See Mokone v. Fenton, 710 F.2d 998, 1002 (3d Cir. 1983)(a habeas applicant challenging an out-of-state detainer must exhaust the remedies of the state where the charge is pending).